## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**EUGENE JONES**                                                    **PLAINTIFF**
**ADC #169865**

**V.**                        **NO. 4:22-cv-00084-LPR-ERE**

**ARKANSAS DIVISION**
**OF CORRECTION,** *et al.*                                **DEFENDANTS**

### RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file objections to all or part of this Recommendation. Objections should be specific and include the factual or legal basis for the objection and must be filed within 14 days. If you do not object, you risk waiving the right to appeal questions of fact. If no objections are filed, Judge Rudofsky may adopt this Recommendation without independently reviewing the record.

## I.    SUMMARY

Plaintiff Eugene Jones, an inmate at the Delta Regional Unit of the Arkansas Division of Correction ("ADC"), filed this lawsuit under 42 U.S.C. § 1983, claiming that he received inadequate medical care in violation of the Eighth Amendment. Pursuant to Judge Rudofsky's referral order (*Doc. 22*), the Court has screened the amended complaint (*Doc. 16*) as required by the Prison Litigation Reform Act

("PLRA").[1] For reasons that follow, the Court recommends that the amended complaint be dismissed, without prejudice, for failure to state a plausible claim for relief.[2]

## II.    BACKGROUND

In his original complaint, filed January 27, 2022, Mr. Jones alleged that twenty-five named Defendants denied him medical care on different occasions, at different ADC units, for a variety of ailments, over a three-year period. *Doc. 2*. On March 9, 2022, the Court gave Mr. Jones thirty days to file an amended complaint and informed him that his initial complaint was flawed for three reasons: (1) he failed to provide a short and plain statement showing entitlement to relief, as required under Fed. R. Civ. P. 8; (2) he joined multiple defendants in one lawsuit based on multiple, unrelated claims, in violation of Fed. R. Civ. P. 20(a)(2); and (3) he failed to provide information, such as dates, necessary to distinguish his claims from those

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

[2] It is unlikely that giving Mr. Jones another opportunity to clarify his claims and correct his pleading errors would be helpful. Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a party to amend it pleading only "once" as a matter of course before service. In this case and two others, *Jones v. Payne,* No. 4:21-cv-00378-LPR (E.D. Ark) ("*Jones I*") and *Jones v. Dominicis*, No. 4:21-cv-00731-DPM (E.D. Ark.) ("*Jones II*"), Mr. Jones filed lengthy, rambling complaints, asserting that multiple defendants denied him adequate medical care on different occasions, at different ADC units, over a three-year period. See *Jones I*, ECF No. 2; *Jones II*, ECF No. 2. As here, in *Jones I*, the Court gave Mr. Jones an opportunity to file an amended complaint curing his pleading deficiencies, but he failed to do so. See *Jones I*, ECF No. 3.

he was pursuing in other cases. *Doc. 10 at 2-3.* The Court informed Mr. Jones that: (1) if he filed an amended complaint, it would supersede and replace his original pleading; and (2) if he chose not to file an amended complaint, the Court would screen his original complaint, which would likely result in the dismissal of some, and possibly all, of his claims. *Id. at 4-5.*

Mr. Jones failed to file an amended complaint within thirty days. Accordingly, on April 12, 2022, the Court screened his original complaint and issued a partial recommendation recommending that Mr. Jones be permitted to proceed with medical deliberate indifference and retaliation claims against a single Defendant: Dr. Stringfellow. *Doc. 13.* As noted in the partial recommendation, Mr. Jones' original complaint at page 10 alleged that in November 2021, Dr. Stringfellow refused to provide him dental treatment because of his previously filed legal actions. *Doc. 13 at 3* (citing *Doc. 2 at 10*).

Rather than file objections to the partial recommendation, on June 13, 2022, Mr. Jones refiled pages 7, 8, 11, and 12 of his original complaint, and he titled the filing an amended complaint. *Doc. 16.* Mr. Jones did not include Dr. Stringfellow among the twenty Defendants listed in the caption of his amended pleading, nor did he repeat the allegations against Dr. Stringfellow that appeared on page 10 of the

original complaint.[3]

On December 27, 2022, in keeping with a party's right to amend once as a matter of course under Rule 15(a)(1), Judge Rudofsky declined to adopt the recommendation, and he referred the case back to the undersigned for the purpose of screening Mr. Jones's amended complaint. *Doc. 22 at 2-3.*

For the reasons explained below, it is recommended that Mr. Jones' amended complaint be dismissed for failure to state a plausible constitutional claim.

---

[3] With his amended complaint, Mr. Jones did not seek to add claims and filed only four pages of his original, twelve-page complaint. His amended complaint, an abridged version of his original complaint, supplants, rather than supplements, his original complaint, which is now without legal effect. *Compare In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir. 2000) (stating that it is well-established that an amended complaint supersedes an original complaint) *with Kiir v. North Dakota Public Health*, 651 Fed. Appx. 567, 568 (8th Cir. 2016) (concluding that an amended complaint by a *pro se* prisoner that added and deleted defendants and claims was intended to supplement, rather than supplant, the amended pleading). Because the amended complaint does not include allegations that the Court previously determined stated plausible claims for relief, Mr. Jones has abandoned those claims.

In his amended pleading, Mr. Jones mentions Dr. Stringfellow but does not list him as a defendant. See Fed. R. Civ. P. 10(a) (stating that the title of a complaint must name all parties). He alleges that Dr. Stringfellow "plays a part in the same deliberate-indifference claims as Angela Frantz because he tried to work on the same side of my mouth in the same places as Ms. Frantz, causing . . . more pain . . . . " *Doc. 16 at 2.* Mr. Jones' vague allegations regarding dental work fail to state a plausible claim that Dr. Stringfellow was deliberately indifference to his serious medical needs. In addition, Angela Frantz is *not* named as a defendant in this case. Mr. Jones sued Dr. Frantz and Dr. Stringfellow in a separate case, *Jones v. Dominicis*, No. 4:21-cv-731-DPM-ERE (E.D. Ark.). Judge Marshal dismissed claims against Dr. Stringfellow at the screening stage and later dismissed claims against Dr. Frantz for failure to exhaust administrative remedies. *Id., Doc. 14 at 2.*

4

## III.    STANDARD OF REVIEW

To survive screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Under this standard, a complaint must do more than "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citation omitted).  Instead, the facts alleged must be "enough to raise a right to relief beyond a speculative level" and "nudge[] [the] claims across the line from conceivable to plausible."  *Id*. at 555 (first quotation), 570 (second quotation).

## IV.    DISCUSSION

Similar to his original complaint, Mr. Jones' amended pleading is difficult to decipher. He generally alleges that Defendants violated his constitutional rights by failing to provide him "medical care for lupus, asthma attacks, refill of mental health meds and daily required meds for chronic care problems." *Doc. 16 at 2*. He provides few facts and no specific dates. He names as Defendants: (1) Medical Defendants-- Doctors Scott, Nunag, Newby, White, and Horan, Nurses Jones and Hallensworth, and Mental Health Advisor Owens; (2) ADC Defendants--Director Dexter Payne,

5

Former Director Wendy Kelly, Warden Pierce, Director of Nursing Doe, Health Services Administrator Carol A. Chism, Former Warden Aundrea Culclager, Medical Director Rory Griffin, and Corporal Hayslip; and (3) Wellpath LLC and Wellpath officers Jorge Dominicis and George Wilson.

The Court has reviewed Mr. Jones' patchwork-style pleading in search of a plausible claim that could proceed without the problem of misjoinder[4] but for reasons that follow, finds none.

First, although a *pro se* complaint must be liberally construed, Mr. Jones must still allege facts sufficient to support a reasonable inference that a Defendant actually knew of but deliberately disregarded his objectively serious medical needs. See *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2020) (a complaint "must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.").

"Grossly incompetent or inadequate care can constitute deliberate indifference in violation of the Eighth Amendment where the treatment is so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1241 (8th Cir. 1997) (citing *Smith v.*

---

[4] Contrary to Rule 20 and the Court's specific instructions, Mr. Jones attempts to join multiple defendants in a single lawsuit, without asserting at least one claim involving each Defendant that arises out of the same transaction or occurrence and presents question of law or fact common to all.

*Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)). Deliberate indifference is "more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir.1995)); see also *Popoalii v.Correctional Med. Servs*, 512 F.3d 488, 499 (8th Cir. 2008) (noting that deliberate indifference is akin to criminal recklessness and demands more than negligent misconduct).

Mr. Jones alleges:

- On unspecified dates, he talked to every Defendant authorized to prescribe and refill medication, giving them sufficient time to provide him "proper" treatment. *Doc. 16 at 2.*

- On an unspecified date, his rescue inhaler was not refilled, and he woke up with an asthma attack. He was then rushed to the infirmary, but because of the COVID 19 quarantine, Doctors Nunag, Newby, and Scott would not sign off for a breathing treatment. *Id.*

- On many occasions, Nurse Hallensworth failed to order his medication. *Id.*

- On unspecified dates, Doctors Scott, Nunag and Horan "refused to take [him] serious[ly] about [his] lupus, causing [him] to deal with extreme body aches and pain from the time [he] arrived at ADC in 2018 all the way until the COVID 19 crippled the Cummins Unit in 2020." *Id. at 3.*

- Nurse Jones "will not even stop to see what's going on with [him] . . . " *Id.*

- On an unspecified date, Dr. Scott took him off of medications and did not listen to him about his lupus or frequent asthma attacks. *Id.*

- On an unspecified date, his asthma inhaler medication was discontinued, and he told all Defendants that he needed his inhaler, but their responses

were inadequate and amounted to the denial of medical treatment. *Id. at 4*.

- In 2020, during the COVID 19 pandemic, Doctors Nanag, Newby, and Scott would not approve nebulizer breathing treatments, rarely performed sick call, and were always late. After he wrote many grievances, Dr. Scott helped him, and he received an inhaler for asthma and medication for lupus. *Id*.

- Due to the discontinuation of certain medicines, on an unspecified date, he was rushed to the hospital. *Id*.

- On an unspecified date, Dr. Newby lied about assisting him with medical problems. *Id. at 3*.

- On an unspecified date, he was rushed to the hospital because "he was breathing at 84%." *Id. at 5*. He was admitted to the hospital and put on oxygen, and upon his release he stayed in the prison infirmary. *Id*.

- The ADC Defendants "have all been informed [about Mr. Jones] and the patterns spoken of from unit to unit in regard[] to mental health and regular health care . . . . "[5] *Id*.

Mr. Jones complains that he was denied particular medicines and treatment, not that his serious medical needs were ignored or went untreated, and mere disagreement with treatment decisions cannot support a deliberate indifference claim. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Mr. Jones fails to allege specific facts that support a reasonable inference that a single Defendant deliberately disregarded his objectively serious medical needs.

In addition, Mr. Jones fails to plead facts to support § 1983 claims against

---

[5] Mr. Jones fails to allege any facts showing that the ADC Defendants were involved in his medical care or took action that amounted to deliberate indifference to his serious medical needs.

Wellpath LLC or its officers. He alleges that Wellpath, the contracted healthcare provider for ADC inmates, failed to: (1) provide him proper medical care; (2) adequately supervise and train its health care providers, and (3) adopt and enforce rules that would enable its health care providers to render appropriate treatment to inmates. *Doc. 16 at 2*.

As a private actor engaged in state action, Wellpath may be subject to liability under § 1983 if a policy, custom, or official action of the LLC caused Mr. Jones to suffer a constitutional injury. *Sanders v. Sears Roebuck & Co.,* 984 F.2d 972, 975–76 (8th Cir.1993). A failure to train or supervise employees may rise to the level of an actionable company policy or custom only if such failure amounted to "deliberate indifference to the rights of persons with whom the [employees] come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Deliberate indifference "is a stringent standard of fault" requiring proof that Wellpath disregarded a known or obvious consequence of its actions. *Board of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410 (1997)). Here, Mr. Jones alleges no facts indicating that Wellpath policymakers were aware of and deliberately disregarded a substantial risk that inadequate training or lack of supervision or rules put his heath at risk.

Because Mr. Jones has failed to allege facts stating a plausible constitutional claim for relief, his amended complaint should be dismissed, without prejudice.

## V.    CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.      Mr. Jones' amended complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.      In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).[6]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in *forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

4.      The Clerk of the Court be directed to close this case.

Dated this 13th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] See *Gonzalez v. United States*, 23 F. 4th 788, 789-91 (8th Cir. 2022) (holding that the number of strikes a prisoner has accrued for purposes of 28 U.S.C. § 1915(g) must be assessed by a later tribunal, looking backwards and independently assessing the effect of past dismissals).